State v. Davis

———————

STATE OF NORTH CAROLINA v. DOUGLAS MACK DAVIS

No. 7226SC260

(Filed 26 April 1972)

Criminal Law § 155.5— failure to docket record in apt time

Appeal is dismissed for failure to docket the record on appeal within 90 days after the date of the judgment appealed from, there being no order in the record extending the time for docketing. Court of Appeals Rule 5.

APPEAL by defendant from *Harry C. Martin, Judge,* 18 October 1971 Schedule "C" Criminal Session, Superior Court of MECKLENBURG County.

Defendant was charged under a bill of indictment, proper in form, with armed robbery in violation of G.S. 14-87. Defendant, through his privately retained counsel, entered a plea of not guilty. The jury returned a verdict of guilty; whereupon, the trial court entered judgment committing defendant to the Department of Correction for not more than five years as a youthful offender. Defendant gave notice of appeal.

---

State v. Johnson

---

*Attorney General Morgan, by Assistant Attorney General Magner, for the State.*

*Plumides and Plumides, by John G. Plumides, for defendant appellant.*

MORRIS, Judge.

The judgment appealed from was dated 28 October 1971. The record on appeal was not docketed in this Court until more than 90 days after the date of the judgment appealed from. No order extending the time for docketing the record on appeal appears in the record. For failure of appellant to docket the record on appeal within the time allowed by the rules of this Court, this appeal is dismissed. Rule 5, Rules of Practice in the Court of Appeals of North Carolina.

Counsel for defendant candidly states in the record that he, in good faith, is unable to find reversible error in the trial proceedings and, therefore, makes no assignment of error. He requests that the court review the record. This we have done, despite the failure to docket in time.

Prejudicial error does not appear.

Appeal dismissed.

Chief Judge MALLARD and Judge PARKER concur.